Bosworth, J.
Prior to the Code, persons only severally liable, could not be included in the same action as parties defendants. The only exception was that made by the statute relating to suits against the parties to bills of exchange and promissory notes. That the Code intended to continue the same rule is obvious,—first, from § 120, which provides, that “ persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may all, or any of them, be included in the same action, at the option of the plaintiff'.”
If other sections of the Code, fairly construed, authorize the same proceeding, this section is idle.
The plaintiff contends that the causes of action, though several, arise out of the same transaction, or transactions connected with the same subject of action, and may, therefore, be united (§ 167).
*628 The answer to this is, that neither cause of action “ affects all the parties to the action.”
The cause of action arising on the guarantee does not affect Paterson; he cannot be charged by reason of it, and it imposes no liability on him. The cause' of action for goods sold and delivered to Paterson, does not affect Shaw; he is liable only upon and by reason of his guarantee, and for the sum guaranteed.
By allowing several causes of action, arising out of the same transaction, to be united, it was only intended to allow such causes of action to be united as might arise against a sole defendant, or against several jointly.
To justify the presumption, that the plaintiff has a cause of action against Shaw, it must be assumed, that the guarantee is in writing. If the two actions can be united, then a purchaser of goods on credit, in open account, and one who has guaranteed his purchases to part of their amount, by a contract in writing, may be sued together; although the credit to the purchaser may be double the amount guaranteed, and the excess of credit has no connexion with the guarantee, and was not induced by it. I think persons severally liable, cannot be prosecuted together, unless they are severally liable, as parties, to a written contract or obligation, on which the names of both appear, as contracting parties.
Whether it is now necessary to aver, in an action against a third person, on a collateral promise, that his agreement was in writing, is not clear. That fact is indispensable to the existence of a cause of action against him. No such fact is averred. 3s it to be presumed, that it was in writing ?
In Elting v. Vanderlyn (4 J. R. 231), on a motion in arrest of judgment, the court ruled, that, whether the promise was in writing or not need not appear in the declaration, that it is matter of evidence only, and, after verdict, would be presumed to be in writing.
The reason of this rule is said to be, that the contract was valid at common law, though not in writing, and that when a statute intervenes, and makes a writing necessary in respect to such a contract, it is not necessary in counting on the contract, to allege it to be in writing, but proof of the writing may be *629 made on the trial; but where a matter is created by statute, and required to be evidenced by writing, the writing must be pleaded, with all attendant circumstances.
But the Code, as it now stands, has not only abolished all the forms of pleadings heretofore existing, but declares that “ the rules, by which the sufficiency of the pleadings are to be determined, are those prescribed by this Act” (§ 140).
The fundamental rule as to a complaint is, that it shall contain “ a plain and concise statement of the facts constituting a cause of action.” The obvious design was, that the actual facts should be stated, and all that are indispensable to a cause of action. By the existing law, it is not enough to subject a person to liability for the debt of another, that he has, upon consideration, promised to pay it. He must have entered into a written agreement to pay it. It is not averred that any such agreement has been subscribed by Shaw. Whether the agreement is in writing or not, is more than a mere matter of evidence. The making of the agreement may be established, without such evidence, beyond doubt or cavil; and yet, the party making it may not be liable. The making of a written agreement is an act or fact, essential to the creation of liability, and no such act or fact is averred.
But whether such an averment be now necessary or not, the ground of demurrer first assigned is well taken, and judgment must be entered thereon in favor of the defendant Shaw.
Approved, on consultation.