JAMES PHALEN *v.* SAMUEL DINGEE and another.

The Code has not changed the rule, that two defendants, severally liable, one upon a collateral and the other upon an original undertaking, cannot be joined in one action.

Hence, a plaintiff cannot unite in the same action, a lessee and a surety.

Where the plaintiff declares generally for use and occupation, and introduces the lease and guaranty in evidence; the defendants may avail themselves of the misjoinder of causes of action, although no demurrer was served. The defect does not appear on the face of the complaint.

APPEAL by the defendants, from the Sixth District Court, where the plaintiff declared for the use and occupation of certain premises. The answer was a general denial. On the trial, the plaintiff put in evidence a landlord and tenant's agreement, with an ordinary contract of suretyship, contained on the same piece of paper, executed, the former by one defendant and the latter by the other. The justice rendered judgment for the plaintiff. The defendants appealed.

*C. Bainbridge Smith,* for the defendants, cited *Hall* v. *Farmer,* 2 Comst. 553 ; Code, § 167 ; 1 Code R. 343 ; *De Ridder* v. *Schermerhorn,* 10 Barb. S. C. R. 638, overruling *Enos* v. *Thomas,* 4 How. 48 ; *Le Roy* v. *Shaw,* 2 Duer, 626 ; *Andrews* v. *Storms,* 5 Sand. S. C. R. 609 ; *Sheldon* v. *Quinlan,* 5 Hill, 441 ; *Van Schoonhoven* v. *Comstock,* 1 Denio, 655.

*Andrew Boardman,* for the plaintiff, cited Code, § 167 ; *Hole* v. *Harrison,* Finch, 15 ; *Lawson* v. *Wright,* 1 Cox, 276 ; *Haywood* v. *Ovey,* Mad. & Geld. 113 ; *Enos* v. *Thomas,* 4 How. 48 ; *Luqueer* v. *Prosser,* 1 Hill, 256 ; *Hunt* v. *Adams,* 5 Mass. 358 ; Code, § 144, sub. 5, §§ 145, 148 ; *Kneiss* v. *Seligman,* 5 How. 425, 8 Barb. 439 ; *Ingraham* v. *Baldwin,* 12 id. 9 ; *Tripp* v. *Riley,* 15 id. 333 ; Code, § 64, sub. 6, §§ 145, 148.

By the Court. Daly, J.—A recovery could not be had against the defendants jointly. The Code, § 120, authorizes persons severally liable upon the same obligation or instrument, including parties to bills of exchange and promissory notes, to be included in the same action, and by § 167, permits several causes of action to be joined, when they arise out of the same transaction or transactions connected with the same subject of action, and affect all the parties to the action. The defendants were not severally liable upon the same instrument, but upon instruments distinct and different. The one executed by Samuel Dingee was of the payment of rent and the performance of certain covenants to the plaintiff, and that executed by Solomon Dingee was an undertaking guaranteeing the payment of the rent and the performance of the covenant, and the two causes of action could not be united, because each instrument would not affect all the parties to the action, for one defendant could not be charged upon the instrument executed by the other. (*Le Roy* v. *Shaw*, 2 Duer, 626 ; *De Ridder* v. *Schermerhorn*, 10 Barb. 638 ; *Hall* v. *Farmer*, 2 Comst. 553.)

Before the Code, a defendant liable upon an original undertaking, as in this case, could not be joined with one severally liable upon a collateral undertaking, and the Code has not changed the law.

The objection could not have been taken by demurrer, as the plaintiff declared generally for use and occupation, and it was not until he had offered these instruments in evidence, to maintain the action, that it was in the power of the defendants to raise the objection. The judgment should be set aside.

Judgment reversed.