Edward R. Trowbridge

*vs.*

Joseph L. Forepaugh et al.

Where the owner of a lot fronting on a street in the City of St. Paul, with other persons, caused to be made an excavation in and under the sidewalk in front of the lot, and the plaintiff having fallen into the excavation was injured, *Held*, That although the person making the excavation, and the City (under its charter) may be each liable to the plaintiff for the injury, yet they are not *jointly* liable; that their improper joinder in such action is a ground of demurrer on the part of either.

This action was commenced in the Court of Common Pleas, Ramsey County, against Joseph L. Forepaugh, and

Charles Leonard, Monroe Shiere and Romaine Shiere, partners as Leonard & Sheire, and the City of St. Paul. The allegations of the complaint are substantially: that it is the duty of the City, under its charter, to keep streets and sidewalks in repair, and free from obstructions, and in suitable condition for use and travel; that Third street, in said City, was opened in 1855, and has been used and traveled prior to, and since said year; that defendant Forepaugh owns lot 9, on said street; that on the 15th day of April, 1868, the defendants Forepaugh and Leonard & Sheire, excavated on Third street and across the front portion of said lot, a dangerous hole, and wilfully and negligently suffered the same to remain open, without protection or notice; that said hole was suffered to remain by the City of St. Paul without protection or notice; that plaintiff, without negligence on his part, fell into said hole and was injured. He demands damages for the injury. The defendants Forepaugh and Leonard & Sheire demurred to the complaint, assigning as ground for demurrer, an improper joinder of two causes of action. The Court sustained the demurrer and the plaintiff appeals from the order sustaining the same to this Court.

BRISBIN & PALMER for Appellant.

I.—The complaint states but a single cause of action against all the defendants. 20 *N. Y.*, 492; 3 *E. D. Smith*, 591; *Sandf. Pleading*, 173; 35 *Penn.*, 128; 2 *Black.*, 418.

II.—Excess of defendants is not ground of demurrer by those properly sued. 3 *Minn.*, 151; 5 *Minn.*, 304; 20 *Barb.*, 339; 17 *N. Y.*, 592; *Ch.* 66, *Sec.* 244, *Gen. Stat.*

III.—A demurrer to a complaint upon the ground that several causes of action are improperly united, can only be taken by all the defendants.

IV.—The fact that some of these defendants are individuals and another is a municipal corporation, does not prevent their being joined in this action. It is not the *status* or capacity of the parties which determines the joinder or non-joinder of causes of action ; it is the nature or character of the causes of action as stated in the complaint and as regulated by *Sec.* 98, *Chap.* 66, *Gen. Stat.* 17 *N. Y.*, 592 ; 9 *Minn.*, 183 ; 10 *Minn.*, 199.

C. K. Davis for Respondents.

I.—By *Sec.* 98 *Chap.* 66 *C. S.*, the plaintiff may, in a case like this, unite several causes of action where they are for " injuries with or without force to person and property, or either ; " but by *subdivision* 7 of that section, the causes of action so united shall affect all the parties to the action.

By *Sec.* 74, *Chap.* 66, *C. S.*, *subdivision* 5, a demurrer may be interposed where " several causes of action are improperly united. "

II.—In the complaint there is no concurrence or privity of tort charged against the City and the other defendants. Their alleged joint liability is put on several grounds.

It is a principle almost elementary that to charge a municipal corporation for negligence in the construction or repair of a public work, the law must have imposed the duty (as by charter) or conferred the authority to construct the work. *Esp. N. P. R.*, 365 ; 2 *Inst.*, 701 ; 5 *Bing. R.*, 91.

Now, in this case, the City is charged, in obedience to this principle, with a breach of certain municipal obligations imposed by its charter. That is the essential fact which constitutes the cause of action against the City.

The other defendants are charged with the alleged results

of their *individual* action, with which the duties of the City, under its charter, have not the remotest concern.

The facts which might make the City liable, do not affect them at all; while the facts which might make them liable, taken alone, cannot affect the City. So that if this case should come to trial upon answer putting the complaint fully in issue, the jury would try Forepaugh and Leonard & Shiere for a breach by the City of St. Paul of the obligations of its charter.

III.—The rule of the statute as to joinder, in cases of this character, is but an expression of the rule at common law.

"If in legal consideration the act complained of could not have been committed by several persons, and can only be considered the tort of the actual aggressor, or the distinct tort of each, a separate action against the wrong doer only, or against each must be brought. " 1 *Chitty Pl.*, 85–201.

"If several persons be made defendants jointly, where the tort could not, in point of law, be joint, they may demur. " *Ibid*, 86.

The statutes of Minnesota and Wisconsin are identical on the subject of joinder and demurrer, (*R. S. Wis.*, 721, 725;) and the position of the respondent here has been sustained in the Supreme Court of that State on demurrer. *Faesi vs. Goetz*, 15 *Wis.*, 231 ; *Lull vs. The Fox and Wisconsin Improvement Company*, 19 *Wis.*, 100.

We think the decision in the case last cited directly in point.

IV.—The facts alleged in the complaint do not bring the case within the purview of *Subd.* 1, *Sec.* 98, *Chap.* 66, *C. S; Van Santvoort's Pl., Chap.* 3, *p.* 191.

V.—"This demurrer, going to the joinder of several causes of action improperly, and not strictly to excess of

Trowbridge v. Forepaugh et al.

parties defendant, the cases from Minnesota Reports are not in point. "

*By the Court*—WILSON, CH. J.   The liability of the city depends on a state of facts not affecting its co-defendants; and the converse.   Neither is in fact nor in law chargeable with, or liable on account of the matter set up as a cause of action against the other.   They did not *jointly* conduce to the injury by any acts either of omission or commission.

Under such circumstances we find no case holding that a *joint* action is maintainable; and we are of the opinion that it is unauthorized by any statute or legal principle.   Our statute, which is merely declaratory of the common law, forbids the joinder of causes of action which do not affect all the parties to the action.   *Gen. Stat. Chap.* 66, *Sec.* 98. For such improper joinder of causes of action any defendant may demur.   There is nothing in the statute, and we discover no reason requiring all the defendants to join in such demurrer.

Order affirmed.