ELEANORA LANGEVIN *et al. vs.* CITY OF ST. PAUL *et al.*

Submitted on briefs Feb. 3, 1892. Decided March 24, 1892.

Action for Money Had and Received. — In proceedings under a city charter, two lots owned by the plaintiff (lots 3 and 4) were assessed for a street improvement jointly with a contiguous lot (lot 5) owned by another person, judgment for the sum assessed was duly rendered against the three lots jointly, and they were jointly sold pursuant to the judgment. The plaintiff's agent, acting for him, erroneously supposing that the plaintiff owned all the lots, and that his lots fronted on the street improved,—as the city authorities had also supposed the fact to be,—redeemed the entire property from the sale, paying to the city treasurer the amount of money necessary to do so. *Held*, that an action by the plaintiff against the city, as for money had and received, is not maintainable on the ground of mistake of fact; neither the rights and obligations of the plaintiff as respects the payment of the money, nor the authority and duty of the city to receive it, being affected by the fact erroneously supposed to exist. The mistake was immaterial, except as it may have influenced the voluntary action of the plaintiff.

Tax Judgment Valid.—The judgment was not invalid by reason of the mistake in respect to the location of the property.

Joinder of Parties Defendant.— In such an action against the city for money had and received, it is not permissible to join a cause of action against the owner of lot 5, who is made a party defendant, to recover his proper proportion of the amount paid by the plaintiff for the redemption of the whole property.

Appeal by Edward Langevin, now deceased, from orders of the District Court of Ramsey County, *Kerr*, J., made January 23, 1890, sustaining demurrers to his complaint.

This action was commenced December 9, 1889, against the City of St. Paul and Sylvester Kipp, as administrator of the estate of Ratchford D. Wollam, deceased, to recover $1,728.10 paid the city by Langevin May 5, 1889, to redeem from tax sale lots three, (3,) four, (4,) and five, (5,) in block five, (5,) in Bazille & Robert's Addition to West St. Paul. These lots are situated in the south-east corner of the block, and front east onto Custer street. The southern one is Lot five (5,) and adjoining it on the south is Fairfield avenue,

running east and west. Edward Langevin owned lots three (3) and four, (4,) and Wollam's heirs owned lot five, (5.) Wollam died intestate October 28, 1886, and defendant Kipp was duly appointed administrator of his estate. In the year 1888 Langevin was in possession of this corner lot five, (5,) claiming title thereto under a sale of it for taxes, but in August, 1889, his tax title was adjudged void, and he was ousted from its possession. Lots three (3) and four (4) do not touch Fairfield avenue in any manner.

In the year 1886, the city improved and graded Fairfield avenue, and the sum of $313 was assessed therefor against the three lots jointly, when, as was alleged in the complaint, it should have been assessed against lot five, (5,) as it only abutted on that street. Judgment was obtained for this assessment August 19, 1886, against the three lots, and they were sold January 20, 1887, to pay it. E. J. Meier bid them in, and received the tax certificate. Another tax for this improvement of Fairfield avenue was assessed in 1887 in the same way against the three lots jointly. Judgment was obtained therefor May 2, 1887, for $999.01, and on June 7, 1887, the lots were again sold to pay it. P. V. Heyderstaedt bid them in on this sale, and received the tax certificate.

On May 5, 1889, Edward Langevin redeemed the three lots from these sales by paying to the city treasurer $1,728.10, including interest and fees. An agent paid the money for him, supposing Langevin owned all three of the lots. He soon after discovered the mistake, and on June 10, 1889, applied to the city treasurer for return of the money. The treasurer refused on the ground that he had paid over the money to Meier and Heyderstaedt. Defendant Kipp, by order of the Probate Court, sold lot five (5) on May 6, 1889, to James Bennett for $6,500, agreeing as such administrator that out of the money he would pay all taxes, assessments, and liens thereon; but on going to the city treasury he found that Langevin had the day before paid the taxes and redeemed all three of the lots. Langevin soon after requested Kipp to pay him the amount so paid in redemption of the lots, but he refused.

The complaint in this action set forth with particularity these facts and others, and demanded judgment that the city repay plain-

tiff the $1,728.10, and also that Kipp, as administrator, pay it to plaintiff, or the city; and asked for such other relief as should seem to the court equitable. The charter of the City of St. Paul under which the assessments were made is Sp. Laws 1874, ch. 1, subch. 7, tit. 1, as amended by Sp. Laws 1885, ch. 7. The second judgment was obtained and the second sale made after the city charter was again amended by Sp. Laws 1887, ch. 7.

The defendants each demurred separately to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action, and that several causes of action were improperly united, viz. one against the city, and another against defendant Kipp as administrator. These issues of law were brought to trial and on January 23, 1890, orders were made sustaining the demurrers. The plaintiff appealed to this court. After return was made and filed here, but before argument, Edward Langevin departed this life intestate. Eleanora Langevin and Achille Michaud were duly appointed administrators of his estate, and were substituted and made plaintiffs in his stead.

*H. B. Farwell* and *J. L. MacDonald,* for appellants.

This action is brought to recover from the City of St. Paul the sum of $1,728.10 paid by mistake to the city treasurer of said city, by Edward Langevin, in his lifetime, to redeem from tax sales three city lots. His agent paid the money for him under the belief and supposition that he was the owner of all three of the lots so redeemed. The defendant Kipp was made a party because in equity and justice the court should have him before it to do full justice in correcting the mistake.

The City of St. Paul in 1886 and 1887 improved Fairfield avenue, and attempted to assess the cost upon the property abutting thereon. In making this assessment the city made the first mistake, in supposing that Langevin owned all three of the lots, and that they fronted on Fairfield avenue. It is admitted by the demurrers that this money was paid under a mistake of fact, and it is elementary that money paid under a mistake of fact can be recovered. *Utica Bank* v. *Van Gieson,* 18 Johns. 485; *Burr* v. *Veeder,* 3 Wend. 412;

*Wheadon* v. *Olds,* 20 Wend. 174; *Canal Bank* v. *Bank of Albany,* 1 Hill, 287; *Bank of Commerce* v. *Union Bank,* 3 N. Y. 230; *Duncan* v. *Berlin,* 60 N. Y. 151; *Manchester* v. *Burns,* 45 N. H. 482; *Kingston Bank* v. *Eltinge,* 40 N. Y. 391; *McMurtry* v. *Kentucky Cent. R. Co.,* 84 Ky. 462.

Courts always go as far as the rules of law regulating the exercise of equity powers permit, to grant parties relief from mistakes of fact like this. The principle upon which they grant relief from other mistakes is analogous to that controlling the recovery of money paid under a mistake of fact; and this court has held that it is the duty of the court to grant such relief whenever it can. *Lay* v. *Shaubhut,* 6 Minn. 273, (Gil. 182;) *Shaubhut* v. *Hilton,* 7 Minn. 506, (Gil. 412;) *First Nat. Bank of Hastings* v. *Rogers,* 22 Minn. 224; *Benson* v. *Markoe,* 37 Minn. 30; Story, Eq. Jur. § 388.

The rule is that an action for money had and received lies whenever money has been received by the defendant which *ex æquo et bono* belongs to the plaintiff. *Kreutz* v. *Livingston,* 15 Cal. 345; *Mason* v. *Waite,* 17 Mass. 560; *Buel* v. *Boughton,* 2 Denio, 91; *Lockwood* v. *Kelsea,* 41 N. H. 185; *Cary* v. *Curtis,* 3 How. 236; *Tutt* v. *Ide,* 3 Blatchf. 249.

The agent of the deceased who paid the money sought to be recovered was led into this mistake by the negligence of the officers of the city, who erroneously included lots three (3) and four (4) in the assessment for the Fairfield avenue improvement. That negligence of the city officials was the proximate cause of the mistake, and it would be inequitable and unjust to hold that, under such circumstances, the plaintiffs cannot recover this money. Even taxes paid involuntarily may be recovered. *Ruggles* v. *City of Fond du Lac,* 53 Wis. 436; *Thomas* v. *City of Burlington,* 69 Iowa, 140; *Winzer* v. *City of Burlington,* 68 Iowa, 279.

The right to maintain this action is fully sustained by *Mayer* v. *Mayor, etc., of New York,* 63 N. Y. 455.

The court can charge the fund in the hands of the administrator, Kipp, with this tax, and require him to pay over the money to the city, or to plaintiffs, as it deems proper, and thus restore the city to its original position.

*Daniel W. Lawler*, City Atty., and *Hermon W. Phillips*, for respondent city.

The plaintiff states he was in possession of lot five (5) under a claim of title thereto, and by fair inference it must be held that he was also in possession of lots three (3) and four (4.) He was in possession of the three lots, using and occupying them as one distinct piece or parcel of land, and in view of these facts the Board of Public Works did what they were authorized to do, made an assessment against this property as one piece of real estate abutting upon the avenue to be graded. The charter provides, subchapter seven, (7,) title one, (1,) section three, (3,) that the expense of any such improvements shall be defrayed by an assessment upon the real estate benefited thereby. So it was not necessary to confine the assessment in this case to the property abutting upon the improvement. *State* v. *District Court of Ramsey Co.,* 47 Minn. 406.

If this assessment was improperly made because there were two separate and distinct owners of the property, that objection to the validity of the assessment could have been raised and determined by filing objections to the application of the City Treasurer for judgment. *Albrecht* v. *City of St. Paul,* 47 Minn. 531. But the judgments having been rendered, they are conclusive determinations of the correctness of these assessments, and neither party can now be heard to question the validity of the judgments. *Dousman* v. *City of St. Paul,* 23 Minn. 394; *Brennan* v. *City of St. Paul,* 44 Minn. 464.

When the plaintiff, through his agent, applied to redeem this property, it was the duty of the city treasurer to receive this money, and to issue redemption receipts therefor; and it was also his duty to immediately pay the amount received to the persons holding the certificates, which it appears he did.

*S. & O. Kipp*, for respondent Kipp.

The complaint substantially states that the three lots were occupied by Langevin as one tract, when the assessments were made, and the record shows the assessment officers found Langevin occupying

all three lots as one tract, and so assessed the three lots to him as one tract. The assessments became delinquent, and the complaint alleges that judgment was duly rendered and given against lots three, four, and five jointly for the improvement tax, penalty, and cost. It charges no mistake in the judgments. Under the first judgment the three lots were sold as a single tract to Mr. Meier, and under the second judgment to Mr. Heyderstaedt. They were purchasers in good faith under the judgments, and entitled to full protection by the courts.

Kipp, the administrator, could not redeem lot five without paying the whole amount of each sale, and thus redeeming Langevin's lots three and four, and Langevin's situation was similar as to redeeming his two lots. There was no authority in any one to apportion or divide the amount to each lot. There are no allegations of fact in the complaint on which the court could apportion, if it was authorized by law to do so.

It matters not whether the administrator intended to redeem, or to take his chances against the validity of the tax deeds when issued. It is immaterial what representations the administrator made at the sale of lot five, or what statements his petition in the probate court contained. Neither Langevin nor his agent knew of the representations or the contents of the petition until after Langevin made the redemption. They were not influenced by either. The complaint does not claim that, in making redemption, Langevin, or his agent, was influenced by or relied upon any word or act of the administrator. The redemption by Langevin was voluntary. There was no request to pay, or promise to refund by the administrator, express or implied.

The complaint attempts to state two causes of action in one as stated in the demurrer.

DICKINSON, J. The defendants demurred separately to the complaint. The demurrers were sustained, and the plaintiff appealed.

Lots three, (3,) four, (4,) and five, (5,) in block five, (5,) of Bazille & Robert's addition to West St. Paul, were contiguous lots fronting east on Custer street, lot five (5) being south of lots four (4) and

three, (3.)  Fairfield avenue ran along the south side of lot five, (5.) The length of that lot along Fairfield avenue was 150 feet.  The plaintiff's intestate owned all of the block excepting lot five, (5.) In 1886, for the improvement of Fairfield avenue, two separate assessments were made upon lots three, (3,) four, (4,) and five, (5,) lots three (3) and four (4) being included in the assessment by reason of the erroneous belief that they, as well as lot five (5,) fronted upon Fairfield avenue.  The assessments not being paid, judgments therefor were duly rendered against the three lots jointly in the years 1886 and 1887, respectively, and thereupon the property was sold, as provided by law, to certain private parties.  For reasons stated in the complaint, the intestate did not know that any of these proceedings affected the lots owned by him until after the judgment sale.

In May, 1889, the intestate, acting through an agent, redeemed the three lots from such sales, paying to the treasurer of the city for that purpose the sum of $1,728.10.  When this redemption was made, the agent of the intestate and the city treasurer supposed that lot five (5) belonged to the intestate, and that all of the lots fronted on Fairfield avenue, and hence were liable to be so assessed. On learning the facts, the intestate demanded of the city treasurer a return of the money so paid for redemption.  Such repayment was refused, for the alleged reason that the treasurer had paid the money to the persons who had purchased at the sales from which such redemption was made.

The complaint shows no right to recover against the city.  Upon the facts stated, the judgment was not invalid.  No defect or irregularity in the proceedings is alleged, unless the mistake as to the situation of the property is to be excepted.  Indeed, it is expressly averred that the judgment was duly rendered.  The fact that the plaintiff's two lots did not abut on the street for the grading of which they were assessed did not affect the jurisdiction of the court or the validity of the judgment.  They were liable to assessment as property which might be deemed benefited by the improvement, Sp. Laws 1874, ch. 1, subch. 7, §§ 3, 14, 23, 26 ; (Comp. Charter 1884, §§ 130, 139, 159, 162;) and even if there was a mistake as to the fact, in the proceed-

ings preliminary to the judgment, the judgment was valid, *Dousman* v. *City of St. Paul*, 23 Minn. 394. The assessments were merged in the judgment, and whether they were properly or erroneously made is not now to be considered. The appellant cites a provision of the charter relating to sidewalks which has no application to the case before us.

If, upon the facts stated, the action is maintainable against the city, it is as *in assumpsit* for money had and received; and so the plaintiff treats the case, resting the right of recovery upon the alleged mutual mistake of fact. But it is not maintainable on that ground. To justify a recovery in such an action, the money must have been received under such circumstances that, in equity and good conscience, the defendant ought not to retain it. The mistake, where that is the foundation of the action, must relate to a fact which is material, essential to the transaction between the parties. A payment made under the influence of a mistake, concerning a fact which, even if it were as it is supposed to be, would create no legal obligation, but merely operate as an inducement upon the mind of the party paying the money, the other party being without fault, would not justify a recovery as for money had and received. *Aiken* v. *Short*, 1 Hurl. & N. 210; Leake, Cont. 103. See also *Chambers* v. *Miller*, 13 C. B. (N. S.) 125.

The city was entitled to receive the money for redemption of the property, if any one having the legal right to redeem should elect to do so. It was not only legally authorized, but required, to receive the money, and neither its authority nor obligation was in any manner affected by the fact concerning which a mistake is alleged. It made no difference to it whether the plaintiff owned lot five (5) or not, nor whether or not lots three (3) and four (4,) which the plaintiff did own, fronted on the street improved. Such facts were wholly immaterial, so far as its right and duty to receive the money was concerned. The plaintiff's property, lots three (3) and four (4,) had been sold pursuant to the judgment, in connection with lot five, (5.) The plaintiff was entitled to redeem the whole property by paying to the city the money necessary therefor. It was necessary for him to do this if he would save his own property. If

he chose to do it, the city was equally bound to receive the money, whatever the fact might be concerning which a mistake is alleged. Nor was the supposed obligation of the plaintiff in any way affected by the alleged mistake. He was at liberty to pay or not, as he should deem to be most for his interest. Plainly, the fact in question was in no way material, except as it might influence the plaintiff in determining for himself whether or not he would make redemption. It was not in any proper sense a mutual mistake of an essential fact. As he voluntarily paid the money, and thereby effectually redeemed his land, and as the city ought to have received it, irrespective of what may be the truth as to the fact in question, it is under no legal or moral duty to repay it merely because his election to pay was influenced by an erroneous conception as to a fact which concerned him only, and not the other party.

Another reason would stand in the way of a recovery. The refusal of the city treasurer to comply with the demand of repayment was placed on the ground that the money had been paid to the purchasers under the judgment sale, who were legally entitled to receive it. The complaint, alleging this fact, does not rebut the inference, naturally to be drawn against the pleader, by alleging that in fact it had not been so paid. But we have preferred to place our decision on the broader ground above stated. The demurrer of the city was properly sustained.

We are not certain that we quite understand the position of the appellant as respects the other defendant, the administrator of the estate to which lot five (5) belonged. Both in his original and reply briefs it is clearly intimated that this defendant was joined as a party with the city only upon the theory that it might be considered by the court that this was necessary, even as respects the cause of action alleged against the city. If the case were so treated, the fact that there is no right of action against the city would also control the decision upon the demurrer of the other defendant. But the appellant seems to go further in his brief, and to claim a right of recovery against this other defendant; and this relief is prayed in the complaint. There may be a right of recovery, but the rules of pleading forbid such a joinder of different causes of action against separate

defendants,—1878 G. S. ch. 66, § 118; *Trowbridge* v. *Forepaugh*, 14 Minn. 133, (Gil. 100,)—and for this reason the demurrer should be sustained. The grounds upon which a recovery is sought against the different defendants are essentially different.

The causes of action are quite distinct. There is no joint liability, and, if we assume that there is a several liability on the part of the different defendants, the liability of each is distinct from that of the other, and rests upon different facts as well as different principles.

Both the orders appealed from are affirmed.

(Opinion published 51 N. W. Rep. 817.)

<hr />

