### HAYDEN v. PEARCE.

[ 52 Pac. 1049 ]

1. JOINT AND SEVERAL JUDGMENT.—In an action against several defendants on an alleged joint demand, there cannot be a joint judgment against some of them for part of the claim and against others or another for another part. Under section 93, Hill's Ann. Laws, there cannot be a joinder of distinct causes of action against parties severally liable.

2. WHEN WRIT OF REVIEW WILL LIE.—Where a misjoinder of causes of action appears on the face of the complaint the plaintiff should be required to elect on which cause he will proceed; but when the defect is not apparent until the judgment is entered a writ of review will lie to correct the error.

From Marion : HENRY H. HEWITT, Judge.

Appeal from an order of the circuit court dismissing a writ of review from a justice's court.

REVERSED.

For appellants there was a brief and an oral argument by Messrs. William H. Holmes and William M. Kaiser.

For respondent there was an oral argument by Mr. John A. Carson, with a brief over the name of Carson & Fleming, urging this point.

At common law this judgment could not be sustained, but in Oregon it is no longer necessary to obtain judgment against all the joint parties : See sections 60 ( sub. 3 ), 244 and 245, Hill's Ann. Laws.

These sections have been considered by this court, and it has been declared that it is proper to enter a several judgment in an action founded upon a contract which is either joint or several or both. The true criterion is whether or not a separate action might have been maintained, and if it could a several and separate judgment is proper : *Sears* v. *McGrew*, 10 Or. 48 ; *Ah Lep* v. *Gong Choy*, 13 Or. 205 ; *Hamm* v. *Basche*, 22 Or. 513.

The following authors support the view that in a case like this a several judgment might properly be entered : Black on Judgments, § 236 ; Freeman on Judgments, § 43 ; Pomeroy's Code Remedies (3d. ed.), § 290 ; *Aulbach* v. *Dahler* (Idaho), 43 Pac. 192 ; *Hubbell* v. *Wolf*, 15 Ind. 204 ; *Carmen* v. *Whitaker*, 26 Ind. 509 ; *Stafford* v. *Nutt*, 51 Ind. 535 ; *Hempy* v. *Ransom*, 33 Ohio St. 313.

MR. JUSTICE BEAN delivered the opinion.

This is an appeal from a judgment of the circuit court dismissing a writ of review, and affirming a judgment of a justice's court. The facts are that on July 27, 1895, the defendant in this proceeding commenced an action in the justice's court for Salem District against Ben. and Clell Hayden to recover $121.76 upon an account for goods, wares and merchandise alleged to have been sold and delivered by his intestate to the defendants jointly. Both defendants were served with process, and answered separately, denying all the material allegations of the complaint. Upon the trial it appeared that the account sued on was made up in part of sundry items of goods, wares and merchandise sold and delivered to the defend-

ants jointly, and in part of goods sold and delivered to the defendant Ben. Hayden individually ; whereupon the court segregated the several amounts due, and entered judgment against the defendants Ben. and Clell Hayden jointly for $76.90, and a several judgment against Ben. Hayden for the remainder, and the only point on this appeal is whether such judgment is valid.

1. At common law, in an action brought against two defendants on an alleged joint demand, a judgment could not be rendered against both for a part of the amount sued for, and a several judgment against one for the remainder, because (1) in such an action a judgment must be given against all the defendants or none ; and (2) causes of action against two or more defendants could not be joined with a cause of action against one of them separately.   The first of these objections, however, is obviated by sections 244 and 245 of our statute (Hill's Ann. Laws), the effect of which is that ''when in an action upon a joint contract it is determined that one or more of the defendants are not liable, but that one or more of the others are, judgment may be given and rendered against those liable, whether their liability be joint or several, and the other defendants may be dismissed '': *Tillamook Dairy Association* v. *Schermerhorn,* 31 Or. 308 (51 Pac. 438).   But these sections are only intended to obviate the objection of a variance between the allegations and the proof, and to enable the plaintiff to recover one judgment against such of the defendants as may appear from the proof to be liable, notwithstanding the fact that other parties may be made joint defendants.   They do not authorize different judgments in one action upon independent causes of action which, both at common law and under our statute, cannot be joined.   It is expressly provided by statute that the causes of action which may

be united in one complaint "must affect all the parties
to the action" (section 93, Hill's Ann. Laws), and this
is but declaratory of the common law, and prohibits a
joinder of separate and distinct causes of action against
parties severally liable : Bliss on Code Pleading, § 123 ;
*LeRoy* v. *Shaw*, 2 Duer, 626 ; *Trowbridge* v. *Forepaugh*, 14
Minn. 133 ; *Langevin* v. *City of St. Paul*, 49 Minn. 189
(51 N. W. 817). It is clear, therefore, that if the com-
plaint had stated the causes of action according to the
facts as found by the justice, it would have been bad on
demurrer, and the plaintiff would have been compelled
to amend by striking out one cause of action or the
other ; and he cannot evade the effect of a misjoinder by
alleging a joint cause of action, when in fact his proof
shows that he is attempting to recover upon a cause of
action against the defendants jointly, and also a cause of
action against one of them severally.

This question was directly involved in *Leonard* v. *Rob-
bins*, 13 Allen, 217. In that case the plaintiff brought a
joint action against several defendants on several prom-
issory notes, and the jury found a verdict against all the
defendants on some of them, and against only one de-
fendant upon one of the notes ; and it was held that sep-
arate judgments according to the findings of the jury
could not be entered, but that the plaintiff must elect
whether he would take judgment against all the defend-
ants for the amount of the notes on which they had been
found jointly liable, or against the one for the amount of
the note on which he alone had been found liable.

2. When the misjoinder appears from the complaint it
should be taken advantage of by demurrer, and the plain-
tiff required before trial to elect upon which cause of
action he will proceed ; but, as it does not appear on the
record in this case until the judgment, resort may be

had to the writ of review for the correction of the error by a superior tribunal.   It follows that the judgment of the circuit court must be reversed and set aside, and the cause remanded with directions to modify the judgment of the justice's court by dismissing as to the defendants jointly, and giving judgment against Ben. Hayden on his several liability, or by dismissing as to him individually, and giving judgment against him and his co-defendant on their joint liability, as the plaintiff may elect.

<div align="right">REVERSED.</div>

<div align="center">

Decided at PENDLETON, 13 August, 1898.