Argued October 8, affirmed October 21, rehearing denied December 2, 1924.

## C. BENJAMIN FRANKLIN *v.* GARLAND FERGUSON ET AL.

(229 Pac. 683; 229 Pac. 1119.)

**Action — Contract Held Several Requiring Separate Suit Against Signers for Its Breach.**

Contract to conduct a chautauqua, providing that in case of a deficit "each signer will be responsible for their equal share," constituted a several contract, on which signers must be sued separately in case of breach.

See 6 R. C. L. 878.
See 1 C. J., p. 1101.

From Multnomah: GEORGE W. STAPELTON, Judge.

Department 1.

This is an action brought against thirty-three defendants, including O. B. Robertson, to recover upon a contract made with the plaintiff. The defendant

Robertson and one other defendant were served in Multnomah County. The other defendants were served in Gilliam County, but by mutual agreement they were not to appear until the motions submitted by the respondent Robertson and the other defendant served in Multnomah County had been determined. The contract between plaintiff and defendants was as follows:

"This agreement, made this 29th day of June, 1920, by and between C. Benjamin Franklin, manager of the Cadmean West Coast Chautauquas, party of the first part, and the undersigned, parties of the second part,

"Witnesseth, That in consideration of the following mutual promises and agreements, it is agreed to mutually conduct a chautauqua at Condon, Oregon, during the chautauqua season of 1921 consisting of two programs daily for the term of six consecutive days.

"Party of the first part agrees to pay salaries and railroad fare of talent to consist of lectures, musicians and entertainers, to provide a superintendent and pay salary and railroad fare, to furnish canvas top and sidewalls of tent and pay railroad transportation charges, and to furnish tickets and advertising matter except express or freight charges on same.

"The parties of the second part agree to buy and pay for 500 adult season tickets at the minimum price of $2.50 per ticket; said tickets to be paid for as follows: twenty per cent. (20%) fifteen (15) days before opening date of assembly, and remainder of guarantee on opening day of chautauqua; and hereby authorize party of first part to draw on their treasurer for such payments.

"Parties of the second part agree to furnish grounds, seats with backs, platforms, poles, piano on platform tuned to international pitch, and electric lights; to furnish men to assist in erecting and taking down tent; to pay local drayage bills on tent, equipment, and where necessary furnish transporta-

tion for talent and baggage from and to depot; to distribute and place all advertising; to advertise liberally in local papers and to pay license and federal tax if required.

"Party of the first part further agrees to pay to parties of the second part twenty-five per cent. (25%) of all money received from season ticket sales in excess of amount named above and twenty-five per cent. (25%) of single admissions. It is agreed that parties of the second part shall receive all profits derived from sale of refreshment concessions.

"In case it should be impossible to hold assembly in season above named on account of general epidemic, quarantine imposed by state officials, railroad strikes, or other calamity covering a widespread territory, this agreement shall be held to be in force for chautauqua season next following.

"Season tickets for children may be sold at $1.50 each.

"No promise or agreement has been made other than appears in this contract. This agreement shall not be binding upon party of the first part until signed by J. B. Hurd, director Cadmean West Coast District. This contract not valid unless signed by twenty people, and should deficit occur each signer will be held responsible for their equal share."

It is alleged that the defendants breached the contract in numerous particulars and that, under the terms thereof, there was $1,250 due plaintiff; for which amount he claims judgment. Respondent Robertson was served in Multnomah County and appeared and moved the court for an order striking the complaint from the files for the reason that it set out more than one cause of action, and that said causes were not pleaded separately. The defendant E. W. Hutchinson also appeared and made a similar motion. The court sustained the motion, but allowed the plaintiff thirty days in which to determine whether he

would proceed against some one of the defendants upon the several liabilities of such defendants, and provided that if such election was not made within such time the complaint should be stricken from the files and the cause dismissed. The plaintiff having declined to make such election within thirty days, the court, on motion of respondent Robertson, entered an order striking the complaint from the files; from which order the plaintiff appeals.        AFFIRMED.

For appellant there was a brief over the name of *Messrs. Schuebel & Beattie,* with an oral argument by *Mr. A. G. Beattie.*

For respondent there was a brief and oral argument by *Mr. Jay Bowerman.*

McBRIDE, C. J.—The whole contention here is as to the construction of the following clause in the last paragraph of the contract:

"This contract not valid unless signed by twenty people, and should deficit occur each signer will be held responsible for their equal share."

Without these words the contract would have been a joint contract, but we are clearly of the opinion that this clause makes it a several contract, upon which each signer must be sued separately for his proportionate share of the $1,250 alleged to be due: *Hayden* v. *Pearce,* 33 Or. 89, 91 (52 Pac. 1049); *Gaines* v. *Vandecar,* 59 Or. 187 (115 Pac. 721, 115 Pac. 1122); *Gibbons* v. *Grinsel,* 79 Wis. 365 (48 N. W. 255).

The addition of these words must be held to import an intention on the part of the signers to create a several liability or they are meaningless. This being the case, the court pursued the proper remedy in requiring the plaintiff to elect which of the several defendants he would proceed against in the action, and

upon his failure so to do the proper course was pursued in striking out the complaint.

The judgment will be affirmed.

AFFIRMED.    REHEARING DENIED.

BURNETT, BEAN and COSHOW, JJ., concur.

---

Rehearing denied December 2, 1924.

ON PETITION FOR REHEARING.

(229 Pac. 1119.)

*Messrs. Schuebel & Beattie,* for the petition.

No appearance *contra.*

McBRIDE, C. J.—The words "with prejudice" used by the court below in dismissing plaintiff's action added nothing to the significance or effect of the order. Plaintiff had brought an action against a large number of defendants upon a document which was in legal effect a separate agreement on the part of each signer to pay his share of a particular sum, and was just as much a separate and individual contract as if, instead of being included in one paper, each signer had signed a separate agreement upon a separate piece of paper. The court properly required plaintiff to elect as to which of the individual defendants he would proceed against, which he declined to do, and thereupon the court dismissed his case, "with prejudice." If this somewhat unusual phrase signifies anything in the connection there used, it means that plaintiff shall be precluded from bringing his action against the defendants in one complaint. His refusal to elect amounted, in effect, to a voluntary nonsuit, and the judgment does not pre-

clude him from bringing separate actions against each defendant.

With this explanation our former opinion is adhered to.                    REHEARING DENIED.

BURNETT, BEAN and COSHOW, JJ., concur.