Argued January 9; affirmed July 1; rehearing denied
December 9, 1930.

CLOSSET *v.* PORTLAND AMUSEMENT CO. ET AL.

(290 P. 556, 293 P. 720)

*Roscoe C. Nelson* of Portland (Dey, Hampson & Nelson and C. J. Young all of Portland, on the brief) for appellants.

*Chester A. Sheppard* of Portland (Sheppard, Phillips & Ralston and Lewis, Lewis & Finnigan all of Portland, on the brief) for respondent.

COSHOW, C. J. ■ Appellants urge that plaintiff could not proceed against the defendants in one action because their liabilities are different and a different judgment was demanded against defendants Weinstein and Cohen from the judgment demanded against the other defendants. It is further argued that defendants Portland Amusement Co. and American Theatre Co. were liable as lessee and assignee while defendants Cohen and Weinstein, if liable at all, were liable on their bond guaranteeing the payment of the rent. There is no claim that defendant American Theatre Co. is not liable by the terms of the lease because the lease itself provides for its assignment to said American Theatre Co. Appellants state this assignment of error as follows:

"Where distinct causes of action are stated against separate defendants, the plaintiff should be required to elect and adhere to a consistent cause of action leading to a single judgment. Whether the procedure be under common law or code pleadings, the basic requirement that issues be clear-cut obtains."

Plaintiff seeks to recover the rent due acording to the terms of the written lease. That constituted both his right of action and his cause of action. Defendants

made a timely motion to require plaintiff to elect which of the defendants he would proceed against. But plaintiff had only one cause of action. All of defendants were liable to him for the rent due with this exception, that defendants Cohen and Weinstein's liability personally was measured by their bond rather than by the lease. The two instruments were made at the same time, refer to each other and each constitutes a part of the same transaction. They must, therefore, be construed together. Their liability is based on the same obligation.

Defendants Cohen and Weinstein constituted both Portland Amusement Co. and American Theatre Co., defendant corporations. They owned all the stock of each except two qualifying shares. They executed the lease and the assignment of said lease to American Theatre Co. They also transferred all of their stock in American Theatre Co. to defendant Sax by a written transfer containing a warranty against obligations of the defendant American Theatre Co. They also executed a bond limited to an aggregate liability of $10,000 which bond contained a provision that each, said Cohen and Weinstein, was liable for $5,000 and no more. They now seek to avoid that liability: First, on the ground that they should not have been sued in the same action with the lessee, its assignee and defendant Sax; second, on the claim that plaintiff had accepted defendant Sax as his tenant and thereby released defendants Cohen and Weinstein as sureties.

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes may, all or any of them, be included in the same action, at the option of the plaintiff": Or. L., § 37.

All of the defendants are sued on the same obligation, to wit, the promise to pay rent. Defendants Portland Amusement Co., Alex Weinstein and I. L. Cohen all signed the bond. Defendant American Theatre Co. accepted the assignment of the lease with all of its obligation and thereby bound itself by that instrument and the bond.

■■ Defendant Julius Sax defaulted and has not appealed; consequently we are not concerned with him or his liability. The other defendants have no cause for complaint because defendant Sax was joined as a party defendant. It has been frequently held that misjoinder of parties does not refer to too many parties but too few: *Tieman v. Sachs,* 52 Or. 560, 564 (98 P. 163) ; *Lowell v. Pendleton Auto Co.,* 123 Or. 383, 392 (261 P. 415). The defendants appealing are in no way compromised or injured by joining Sax as a party defendant.

■ The liability of all of the appealing defendants grew out of the same instruments evidencing the same agreement. The test of the joinder of parties is stated thus by the late Mr. Justice BURNETT:

"The canon laid down by the case last cited [*Swank v. Moisan,* 85 Or. 662] is in substance that to require an election it must be impossible for both causes of action simultaneously to be true": *Askay v. Maloney,* 92 Or. 566, 573 (179 P. 899).

■ There is only one cause of action in the instant case. There was only one obligation incurred. The fact that the amount for which certain of the defendants are liable differs from the amount for which other defendants are liable is not sufficient ground to compel an election. The liability of all of the defendants

appealing as alleged in the complaint is not only possible but is actually true.

■ It seems to the writer that it would be a useless requirement to compel the plaintiff to elect when the cause of action can be tried against all of the defendants at one time and in one case. The fact that different judgments must be entered is no objection to proceeding against all the defendants in one action: Or. L., § 180.

"The practice, however, of allowing or disallowing a motion of the kind, [requiring plaintiff to elect] is a matter largely within the sound discretion of the trial court": *Harvey v. Southern Pac. Co.*, 46 Or. 505, 512 (80 P. 1061).

■ Other jurisdictions having similar codes of practice permit plaintiff to proceed against all persons liable on the same instrument or obligation in one action. We think the language used in a Minnesota case is very pertinent and is sufficient reason for sustaining the trial court's ruling denying the motion requiring plaintiff to elect in the instant case.

"If judgment goes against all the parties and is paid by a guarantor, he may keep the judgment alive, and enforce it against the principal debtor, under section 7915, G. S. 1913. The one action against both principal and guarantor is not only commended by its simple common sense. It is authorized by statute": *Midland Nat. Bank v. Security Elevator Co.* (161 Minn. 30, 200 N. W. 851).

The statute of Minnesota, section 7683, G. S. 1913, is identical with said Oregon law, section 37. The opinion in *Midland Nat. Bank v. Security Elevator Co.*, above, cites other opinions in Minnesota and says:

"It is wholly immaterial so far as principle is concerned, and we are concerned with principle and not

with technicality, that the obligation of principal debtor and guarantor are not expressed by the same instrument. It makes no difference how many separate and differing writings there may be so long as there is identity of obligation. No other result is permitted by our statute, section 7683, G. S. 1913, whereby persons severally liable upon the 'same obligation' may be joined in the same action at the option of the plaintiff.''

The trial court did not abuse its discretion by denying the motion to require plaintiff to elect.

■■ The second alleged error presented by defendants is based on the refusal of the trial court to find that the lease involved was not assigned to Sax. Plaintiff alleged that the lease was assigned to Sax. Defendants argue that since the lease was not assigned and plaintiff accepted Sax, as its lessee, defendants Weinstein and Cohen, who were sureties, were thereby released from liability on the bond. The situation is this: Defendants Weinstein and Cohen were the owners of Portland Amusement Co., the original lessee. They also organized the defendant corporation American Theatre Co. to which said lease was assigned as provided in the lease. They then sold and transferred their stock in American Theatre Co. which had succeeded to the privileges, rights and responsibilities of the original lessee, to defendant Sax. There was no occasion to assign the leases because defendants Weinstein and Cohen simply sold and transferred their stock thereby investing the title of all the stock in said Sax, who became sole owner thereof with the exception of two qualifying shares. When Sax thereafter dissolved said corporation American Theatre Co., he became the owner of the property theretofore owned by the corporation by virtue of being the owner of

substantially all the stock: *Smyth v. Kenwood Land Co.*, 97 Or. 19, 34-35 (190 P. 962). Sax, therefore, became owner of the lease subject to all of its obligations by succession through the assignment of defendant corporations.

Plaintiff collected the rent for a number of months from Sax. Plaintiff's testimony was to the effect that one of the defendants stuck his head through plaintiff's office door and directed him to collect the rent from Sax, which he did. There is no evidence of a discharge of defendants Weinstein and Cohen. There is no evidence of a novation. Plaintiff testified that he knew nothing of the transfer of the stock of American Theatre Co. from Weinstein and Cohen to Sax, and supposed that Sax was an officer of said corporation, American Theatre company.

We must find, therefore, that defendants Weinstein and Cohen are not released as surety on the undertaking. If sureties could by such manipulation as took place in the transactions leading up to the case at bar release themselves from their obligations as sureties, then one would never be safe in accepting sureties on a bond. It is very little trouble to organize a corporation and sell stock as said defendants did in the instant case.

■ If it was error at all for the trial court to refuse to make a special finding on whether or not the lease was assigned to defendant Sax, it was not reversible error. The conclusion reached by the trial court and the judgment entered in the circuit court found against defendants on that point. That conclusion is correct in law. Sax became the owner of the lease by virtue of being the owner of the stock of American Theatre

Co. As such owner he accepted the lease with all of its obligations as well as its benefits. He became owner of the lease by succession. Plaintiff did not release the sureties by accepting rent from defendant Sax under the conditions. Plaintiff testified, and we must accept his testimony as true, that he knew nothing about the sale of the stock by Weinstein and Cohen to Sax nor of the dissolution of the corporation. Plaintiff did nothing to place the sureties in any worse position than they were in by reason of their bond. Sureties can not so release themselves from their obligations and undertakings by their own acts and conduct without the consent of the assured.

The judgment of the lower court is affirmed.

McBride, Rand and Rossman, JJ., concur.

---

Petition for rehearing denied December 9, 1930.

### On Petition for Rehearing
### (293 P. 720)

Coshow, C. J.

The appealing defendants have presented an urgent petition for rehearing. Owing to the fact that the question involved is one of first impression the petition has had very careful examination. In the main the petition treats of matters that were decided after due consideration and the reasons for the decision are stated in the original opinion.

No case has been cited by appellants directly in support of their contention here. The case of *Hayden v. Pearce,* 33 Or. 89 (52 P. 1049), is not in point because

in that case plaintiff Pearce in an action against Hayden and another sought to recover on two different obligations on one of which the other party was not liable.

The case of *Franklin v. Ferguson et al.*, 112 Or. 641 (229 P. 683, 1119), is not in point. The judgment there is based on the fact that the contract sued upon was several, not joint. The result of that decision is the same as though the parties had signed different instruments expressing their several liability.

In the instant case the parties were liable on the same instruments and no sufficient reason has been assigned why the case should not have been tried as it was though different amounts are expressed in the judgment against the defendants, who were jointly and severally liable. We adhere to our former decision that Or. L., §§ 180 and 181; Oregon Code 1930, 2-902, 2-903, authorize such a judgment as was rendered in the case at bar. This court held in *Ruble v. Coyote G. & S. M. Co.*, 10 Or. 39, 41, that these sections "give the courts of law as full power to try the issues in such a case, and adjust and settle the various rights of the parties, both plaintiff and defendant, as the courts of equity could have."

It cannot be successfully contended that a court of equity cannot render judgment for different amounts in the same case against several defendants. Suppose the amount of rent due was less than the amount for which defendants Cohen and Weinstein were liable for under their bond. There could then be no objection for returning the judgment for the amount due. We held that the mere fact that the amount due from the different parties is not exactly the same does not deprive the court of the power to determine the amount

and render judgment in the one case. This conclusion, we think, is in harmony with the trend of the judicial settlement of cases, that is, to minimize the amount of litigation to determine the questions litigated.

We are sorry that the language we used in the original opinion in reference to the organization of the corporation was taken as a personal reflection on any of the parties to the case. We did not intend to intimate that any fraud or unfair dealing had been practiced. Our remarks were entirely impersonal and referred to the common practice of conducting business through corporations. The writer of the opinion had no thought of charging anyone with questionable practice.

Rehearing is denied.