245 P.2d 797

ABBOTT v. GRANT et al.

No. 7836.

Supreme Court of Idaho.

June 18, 1952.

Paul C. Keeton, Lewiston, for appellant.

J. H. Felton, William J. Jones, Lewiston, for respondents.

PORTER, Justice.

To appellant's third amended complaint, respondents, Harley L. Grant, Administrator of the Estate of Benjamin F. Huggins, Sr., deceased, and Mary L. Grant filed a general demurrer; and the remaining respondents filed a general and special demurrer. The special demurrer alleges a misjoinder of parties defendant and a misjoinder of causes of action. The trial court sustained the demurrers and, appellant having refused to plead further, dismissed the action. From the order and judgment of dismissal, appellant appeals to this court.

The only matter presented by appellant's specifications of error is that the trial court erred in sustaining the demurrers and entering judgment of dismissal. In order to consider and evaluate the trial court's action we summarize the complaint.

By his first cause of action in the third amended complaint, appellant alleges that he is a duly licensed real estate broker; that on the 13th day of June, 1949, appellant entered into an agreement with respondents providing "that any property, real or personal, listed with the undersigned agent by the undersigned sellers shall be sold by said agent for a commission of 5% of the amount of each of such sales, confirmed by the court"; and that said contract was approved by the Probate Court of Nez Perce County on June 23, 1949.

That pursuant to said agreement appellant was given a written listing for sale of the real and personal property belonging to the Huggins Dairy; that thereafter appellant entered into negotiations with the Green Top Dairy Farms, Inc., for the purchase of the Huggins Dairy; and thereafter notified respondents that he had procured a buyer for such property, upon terms to be agreed upon by the prospective buyer and prospective sellers. Whereupon appellant and respondents entered into a new agreement with reference to the commission to be paid appellant which agreement was in writing as follows:

"Agreement

"This Agreement, Made this 15th day of September, 1950, by and be-

tween the undersigned owners and the undersigned real estate agent:

"It Is Agreed, that if the agent sells Lot Sixteen (16), Fifteen (15) and the North 40.5 feet, and the South 9.5 feet of the East Sixteen (16) feet of Lot Fourteen (14), of Wood Street Addition to the City of Lewiston, Nez Perce County, Idaho, and the Huggins Creamery business, all as now being negotiated with Green Top Dairy Farms, Inc., the undersigned owners will pay to the said agent the sum of $5,000.00 as a commission at such time as the total payments made equal $12,000.00, which will be at the same time that the note and real estate and chattel mortgages are executed pursuant to an agreement now being prepared between the undersigned as owners, and said Green Top Dairy Farms, Inc.

"The undersigned eight (8) owners own a 60% undivided interest in the property being sold, and the undersigned Harley L. Grant, as administrator of the Estate of Benjamin F. Huggins, Sr., deceased, owns an undivided 40% interest in the property therein sold. The said commission shall be paid in the proportions in which said owners hold their interests.

"In Witness Whereof, The parties have hereunto set their hands and seals the day and the year first above written."

That said proposed agreement was thereafter on November 28, 1950, submitted to the Probate Court of Nez Perce County for approval and an order was duly entered by said court on said date approving such agreement and authorizing the administrator to enter into said commission contract.

That at all times mentioned in the complaint 40 percent of the property involved was owned by the Estate of Benjamin F. Huggins, Sr., deceased, and 60 percent by the other respondents.

That on or about the 29th day of December, 1950, a Return of Sale of Real and Personal Property at Private Sale and Petition for Confirmation were filed with the Probate Court of Nez Perce County alleging that the real and personal property involved had been sold to the Green Top Dairy Farms, Inc., and setting out the terms of the sale; that said sale was duly confirmed by order of the probate court dated January 10, 1951, which order contains the statement "that said Purchaser was procured by J. V. Abbott, pursuant to Agreement entered into with the said Real Estate Agent September 15, 1950, which agreement with said Real Estate Agent and the Order of Court authorizing the same, are on file herein".

That on or about the 15th day of January, 1951, at least $12,000 had been paid by the Green Top Dairy Farms, Inc., to respondents on account of said sale and the Green Top Dairy Farms, Inc., had executed the chattel mortgages, real estate mort-

80

gages and note required; and that by virtue thereof the respondents, except the respondent estate, became obligated to pay appellant the sum of $3,000 but have failed and refused to pay same or any part thereof.

By his second cause of action, appellant realleges the same facts set out in his first cause of action and further alleges that the Administrator of the Estate of Benjamin F. Huggins, Sr., deceased, by reason thereof became obligated to pay appellant the sum of $2,000 but has failed and refused to pay same or any part thereof.

The two commission agreements, the petitions for their approval, the orders of the probate court approving same, the Return of Sale of Real Estate and Personal Property at Private Sale and Petition for Confirmation and the order Confirming the Sale of Real and Personal Property at Private Sale are all attached to the third amended complaint as exhibits.

The action of the trial court in sustaining the general demurrers to the third amended complaint is urged as correct by respondents apparently upon the theory that the obligation to pay a commission was not to be binding upon any of respondents unless binding upon the estate and that there has been no valid allowance of a commission in the estate proceedings. Respondents contend that appellant failed to comply with the provisions of Section 15–725 I.C. in that the contract of September 15, 1950, was entered into prior to submission to the probate court and approval thereof; that such contract does not provide for the payment of the commission out of the proceeds of sale; and that the amount of the commission was not fixed and allowed in the order confirming the sale of real estate.

■ Section 15–725, I.C., provides in part as follows:

"Any executor or administrator may enter into a contract with any bona fide real estate agent to secure a purchaser for any real property belonging to any estate, which contract shall provide for payment to such agent out of the proceeds of sale to any purchaser secured by him of a commission, but the executor or administrator shall not enter into any such contract without first obtaining an order of the court approving the terms and conditions of any such proposed contract. If a sale to a purchaser obtained by such agent is returned to the court for confirmation and said sale be confirmed to such purchaser, such contract shall be binding and valid as against the estate for the amount so fixed and allowed by the court."

The proceedings set out in the third amended complaint show substantial and sufficient compliance with the provisions of Section 15–725, I.C.

We turn now to the contention of respondents that there is a misjoinder of parties defendant and a misjoinder of causes

of action. Section R 5–317, I.C., provides as follows:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes and sureties on the same or separate instruments, may all or any of them be included in the same action, at the option of the plaintiff."

The appellant has only one cause of action for a real estate commission of $5,000, based upon a single instrument, the agreement of September 15, 1950, executed by all the respondents although the liabilities of the partnership and of the estate are severable, limited and different in amounts. Closset v. Portland Amusement Co., 134 Or. 414, 290 P. 556, 293 P. 720. In discussing the effect of statutes similar to our R 5–317, I.C., it is stated in 67 C.J. S., Parties, § 38, p. 957, as follows:

"Single contract imposing several liability. Under the provisions of the various codes and practice acts, where two or more persons are severally liable upon the same written instrument or obligation, including parties to bills of exchange and promissory notes, as discussed in Bills and Notes § 556, they may, all or any number of them, be joined as defendants in the same action, at the option of plaintiff, even though the amounts for which they are liable are different; * * *".

The right to join in one action defendants severally liable upon the same obligation or instrument is recognized in Southern Surety Co. v. Bank of Lassen County, 118 Cal.App. 149, 4 P.2d 952; Garcia v. Superior Court, 45 Cal.App.2d 31, 113 P.2d 470; State ex rel. Connellsville By-Product C. Co. v. Continental Coal Co., 117 W. Va. 447, 186 S.E. 119, 106 A.L.R. 83; 39 Am.Jur., Parties, § 39, p. 908.

In Evans v. City of American Falls, 52 Idaho 7, 11 P.2d 363, this court, under the provisions of Section R 5–317, I.C., approved the joining in one action of defendants severally liable in different and limited amounts upon the same obligation. In Oregon, under a statute similar to our Section R 5–317, I.C., it has been held that the fact that different judgments must be entered against several defendants is no objection to proceeding against all defendants in one action. Closset v. Portland Amusement Co., supra. In Grandy v. Williams, 147 Or. 409, 34 P.2d 622, it was held that it is not important that the amount for which a certain defendant is liable differs from the amount for which another defendant is liable.

We conclude that the court erred in sustaining the demurrers to appellant's third amended complaint. The judgment of dismissal is reversed and the cause remanded to the trial court with direction to vacate the judgment, to overrule the general and special demurrers and to proceed there-

82

after in the premises. Costs awarded to appellant.

GIVENS, C. J., and TAYLOR and THOMAS, JJ., and SUTTON, District Judge, concur.