By the Court,

Savage, Ch. J.
As this case comes up upon a special verdict, it would be sufficient to draw the legal consequences from the facts established ; and then the seisin of the husband, the marriage of the plaintiff with him, the death of the husband, and the possession of the defendant, being found, the plaintiff is clearly entitled to her dower in the premises, and to have one third set off to her. I will however give what seems to me an answer to all the objections which have been raised by the defendant.
1. The premises are sufficiently described ; the defendant was fully apprised by the the declaration of the extent of the plaintiff’s claim. By the statute, the plaintiff’s declaration must state that she was possessed of the one undivided third part of the premises, as her reasonable dower as widow of her husband. 2 R. S. 304, § 10.
2. If the verdict is informal or defective, that may be amended. There is no objection to the declaration, or the verdict, except that no notice is taken in either, of the right of dower in the premises of Mary Hall, the widow of S. Bear. But a verdict may be for a part of the premises claimed, and in such case it should specify such part. 2 R. S. 307, § 30, sub. 5. This provision probably had relation more to the extent of the premises, than to the quantity of interest, but it is as applicable to the one as the other. The verdict therefore should be for the plaintiff for eight ninths of the premises described in the declaration.
3. But it is objected, thirdly, that this suit seeks to recover dower upon *596 dower. That cannot be done ; a widow is not dowable of lands assigned to another woman in dower. Cruise, tit. Dower, ch. 3, § 20; but this proves only that the plaintiff in this case is not entitled to dower in the one ninth assigned *to Mary Hall during her life. But she is entitled now to be endowed of the remaining eight ninths; and if she survives Mary Hall, she will be entitled to one third of the ninth part which Mary Hall now has. The rule on this subject is plainly illustrated in Reeve’s Dom. Re-lat. 58, and quoted and adopted by Ch. Kent, 4 Kent’s Comm. 64.
“ If A. sells to B., and B. to C., and C. to D., and D. to E., and the husbands all die, leaving their respective wives living, the widow of A. is entitled to be endowed of one third of the estate ; the widow of B. is entitled to be endowed of one third of what remains, after deducting the dower of the first wife ; the widow of C. of one third of what remains after deducting the dower of the wives of A. and B.; so on to the wife of D.—and if we suppose the estate to consist of nine acres, the wife of A. would be endowed of three acres, the wife of B. of two acres, the wife of C. of one acre and a third, and the wife of D. of one third of the remaining two acres and two thirds. In this case Samuel Bear owned the whole estate of 100 acres ; that was divided into three parts; the widow of Samuel Bear was entitled to one third of the whole, but it seems that one ninth only of the premises in question was assigned to her. As to that ninth, there can be no dower out of it during the continuance of Mary Hall’s estate in it; but as to the remaining eight ninths, it is subject to the plaintiff’s claim, and she is entitled to one third thereof.
The verdict must be amended accordingly, and then judgment for plaintiff.