23  491
77  117

23  491
85  486

## HAMLIN, Receiver, etc., vs. WRIGHT and others.

*Action by receiver to set aside fraudulent conveyances — Joinder of parties defendant.*

1. A receiver appointed on supplementary proceedings may maintain an action to set aside fraudulent conveyances made by the judgment debtor.

2. All the fraudulent grantees may be united as defendants in such action, although they hold by separate conveyances, and each is charged only with fraud in his own purchase.

APPEAL from the Circuit Court for *Winnebago* county.

The defendants appealed from an order overruling a demurrer to the complaint.

*Freeman & Hancock*, for appellants, argued that the complaint herein was a creditor's bill; that chapter 305, Laws of 1860, revived the creditor's bill only in favor of the judgment creditor; that the object of the supplementary proceedings (which the complaint shows to be still pending) was the same as that here sought; and that it is the intention of section 96, chapter 134, R. S., to authorize the receiver to bring an action against a person claiming an interest in the property, only where the claim appears from the examination of such person. Secs. 91–94, ch. 134. 2. There is a misjoinder of causes of action. The several grantees of the judgment debtor who are joined as defendants, are admitted by the complaint to hold under separate titles, acquired at different times, and it is not alleged that they have combined or conspired with each other. 1. Van. Santv. Eq. Pl. 101; *Reed v. Striker*, 6 Abb. 109; 25 Barb. 469; *Voorhies v. Voorhies*, 24 id. 151; *Leroy v. Shaw*, id. 626.

*Jackson & Halsey*, for respondent, argued that a receiver stands in place of the judgment creditor, and with the same right to bring any action, legal or equitable, to reach the property of the judgment debtor in the hands of third parties (4 Sandf. Ch. 417; 10 Wis. 466; *Potter v. Clark*, 9 N. Y. 142; R. S. ch. 134, § 96); and that a receiver appointed in supplemetary proceedings has the same authority as if appointed by the court. R. S. ch. 134, § 95. 2. The defendants, who are grantees of the judgment debtor, hold equally in fraud of creditors, and hence are properly joined in the same suit. R. S. ch. 122, § 19; *Winslow v. Dousman*, 18 Wis. 456; *Fellows v. Fellows*, 4 Cow. 682.

PAINE, J. This action was brought by a receiver appointed

on supplementary proceedings, against the judgment debtor, and various parties to whom it is alleged he had fraudulently conveyed his property, so as to defeat the collection of the judgment. Its object was, to set aside the conveyances, and hold the property liable for the payment of the debt. The complaint contains most of the usual allegations in a creditor's bill, and asks for a discovery. In support of his demurrer, the appellant's counsel contended that the supplementary proceedings were a substitute for the creditor's bill, and that the party could not resort to both. But it is a sufficient answer, so far as this point is concerned, to say that the fact that it appeared from the complaint that a former action was pending for the same cause, is not assigned as one of the grounds of the demurrer.

But even if it were, the action is fully within the provisions of the statute. Section 96, chapter 134 of the Revised Statutes, expressly requires, that where the property alleged to belong to the judgment debtor is claimed adversely by strangers, the action to recover it shall be brought by the receiver. And this undoubtedly includes all actions which may be best adapted to secure the appropriate relief. If the stranger claimed the property adversely by an independent title not derived from the debtor, an action at law might be appropriate. If, however, the adverse title was derived from the debtor through conveyances claimed by the receiver to be fraudulent, he could bring an equitable action to set aside the conveyances. This was expressly decided in *Porter v. Williams*, 5 Seld. 142, and it established the construction of this section of the Code before its adoption in this state. The complaint in this case follows the one in that, which is given in Edwards on Receivers, page 384. There is, therefore, no ground for saying that the pendency of the supplementary proceedings is any bar to such an action. The object of the two proceedings is not the same. The former was to reach such property of the judgment debtor

as was not claimed adversely.   The latter is to reach property that is claimed adversely, and which could not have been reached in the former.

The question whether the complaint is multifarious in improperly joining different causes of action, should be determined according to the established rules upon that subject in respect to creditors' bills; and in respect to them it has been determined, that different judgment creditors may join in one suit against the judgment debtor and his fraudulent grantees, though the interests of the latter are separate and distinct, and were not acquired at the same time.   The object of such a suit is to reach the property of the debtor.   And the fact that all the grantees have become accessory to the fraudulent attempt of the debtor to place his property beyond his creditors' reach, gives them such a common connection with the subject matter of the suit, that they may be joined, although the purchase of each was distinct from the others, and each is charged only with participating in the fraud in respect to his own purchase. *Brinkerhoff v. Brown*, 6 Johns. Ch. 139; *Fellows v. Fellows*, 4 Cow. 682; *Boyd v. Hoyt*, 5 Paige, 65; *R. R. Co. v. Schuyler*, 17 N. Y. 592; *North et al. v. Bradway*, 9 Min. 183; Story's Eq. Pl. §§ 285, 286; *Blake v. Van Tilborg et al.* 21 Wis. 672. There was, therefore, no misjoinder of causes of action in uniting the different fraudulent grantees of the debtor's property as defendants, although they purchased at different times, and each is charged only with the fraud in his own purchase.

The demurrer was properly overruled.

*By the Court.* — The order is affirmed.