E. J. FOSTER v. W. J. LANDON and Another.[1]

February 14, 1898.

Nos. 10,879—(287).

**Rescission of Contract for Fraud—Complaint—Demurrer.**
    *Held*, that a cause of action for rescission of a contract upon the ground of fraud is stated in the complaint herein.

**Same—Parties—Multifariousness.**
    The case of one may be so entire as to be incapable of being prosecuted in several suits, and yet some other defendant may be a necessary party to some portion only of the case stated. In the latter case the objection of multifariousness cannot be allowed to prevail.

**Same.**
    *Held*, that the above rule is applicable in the case at bar.

Appeal by defendant W. J. Landon from an order of the district court for Winona county, Snow, J., overruling his demurrer to the complaint. Affirmed.

*Webber & Lees*, for appellant.

*W. H. Yale* and *Hall & Sheldon*, for respondent.

COLLINS, J.[2]

Appeal from an order overruling a demurrer to a complaint interposed upon two grounds: First, that several causes of action were improperly united therein; and, second, that it failed to state facts sufficient to constitute a cause of action.

The court below, when disposing of the demurrer, expressed the opinion that the complaint was very loosely drawn, and contained much redundant and irrelevant matter, and we concur in its views. No good purpose would be served, and we should encumber our reports with useless matter, should we undertake to state upon what

---

[1] Reported in 74 N. W. 281.    [2] CANTY, J., took no part.

particular allegations in the pleading we base the conclusion that a cause of action is stated for rescission of the contract between plaintiff and defendant Landon upon the ground of false and fraudulent representations, made by both defendants, relied upon by plaintiff, and by which he was induced to part with his money and securities in exchange for shares of stock in the corporation. It was not necessary for plaintiff to allege, in addition to the other averments in the complaint, that the stock was worthless, or was of less value than the amount he was induced to pay therefor. The action was not brought to recover damages for deceit, in which actual damages would have to be alleged and proven as a basis for compensation, but simply to rescind the contract upon the ground of fraud in its inception. In fact, the object was to secure judgment against both defendants for the money paid by plaintiff for the stock and to compel a restitution of the securities obtained from him through the alleged fraud; or, if restitution in specie could not be had, then to secure judgment against both defendants for their value.

The complaint also contained allegations upon which plaintiff seeks to recover a money judgment against both defendants on account of his salary and expenses while serving the corporation as its general manager for one year after he purchased the stock. If plaintiff had any personal claim against either defendant on account of his services as manager of the corporation, it was based, according to the allegations, upon the contract which he attempts to rescind, for, as a part of such contract, defendant Landon stipulated that plaintiff should be so employed at a salary of $3,000 per year and his expenses. It is this part of the contract upon which plaintiff predicates his right to a judgment for a balance alleged to be due as salary and expenses. But it is obvious that if the plaintiff has stated a cause of action for rescission of this contract, he cannot, at the same time, rely upon it for any purpose. He cannot insist upon rescission, and also upon compensation for performance upon his part of one of the terms or conditions.

If, as alleged, he rendered services on account of and in accordance with the terms and conditions of a contract into which he was induced to enter by falsehood and fraud, he has parted with some-

thing of value, and the reasonable value thereof he is entitled to recover in an action for rescission, precisely as if it had been money, or any article of value, parted with under the contract before or at the time the shares were assigned to him. The value of such services is on the same footing in an action for rescission as is the value of any other article which cannot be restored in specie. But in the complaint herein there are no allegations upon which plaintiff can recover the reasonable value of his services, for such value is nowhere alleged. At most, upon the allegations, he can recover nominal damages only against defendant Landon on account of this element of the injuries which resulted from the alleged fraud upon him; but nominal damages he can recover upon the allegations.

Referring now to the contention that two causes of action have been improperly united in the complaint, because judgment for rescission must be against both defendants, while judgment upon the other branch of the case, for nominal damages, must be against Landon alone, the general proposition is that a cause of action against two persons cannot be joined with another against but one of them. But, as we construe the allegations of the complaint, it would seem that but one cause of action is stated therein, and that is for rescission, based upon false and fraudulent statements and representations made to plaintiff by both defendants. The fact that the judgment which, from the evidence or findings, plaintiff may be entitled to, is not precisely the same as to both defendants, does not show that the complaint is multifarious. That all of the matters set forth in the complaint grew out of a single transaction, and are inseparable and interdependent, is obvious. Several actions on the same could not be maintained, and the case comes directly within a well-settled rule, as follows:

"The case against one defendant may be so entire, as to be incapable of being prosecuted in several suits; and yet some other defendant may be a necessary party to some portion only of the case stated. In the latter case the objection of multifariousness could not be allowed to prevail." Story, Eq. Pl. § 271a. See also Pomeroy, Code Rem. § 486.

Order affirmed.