JOHN W. CLARK, Respondent, *v.* THE NATIONAL SHOE AND LEATHER BANK OF THE CITY OF NEW YORK, Appellant.

1. APPEAL — REVIEW OF FINDING OF FACT — UNANIMOUS AFFIRMANCE BY APPELLATE DIVISION. The unanimous affirmance by the Appellate Division of a judgment against a bank in favor of a depositor for a balance on his account without deducting the amount by which checks were raised by his bookkeeper, withdraws from the review of the Court of Appeals the evidence upon which the trial court based its finding that the plaintiff was not negligent in the examination of his accounts; and, if there is no finding of fact inconsistent with the finding as to negligence, the court cannot review that finding, notwithstanding the defendant's contention that a proved and uncontradicted fact which, however, the court did not find, conclusively established the plaintiff's negligence, no exception to the omission to find that fact having been taken.

2. CONSTRUCTION OF FINDING. A finding by the trial court in an action by a depositor against a bank for a balance due without deducting the amount by which checks were raised by his bookkeeper, that on a specified date the "plaintiff discovered the said forgeries and notified the defendant thereof with due diligence," taken in connection with the further finding that the plaintiff "was in no way negligent" in his examination of the accounts stated by the bank, imports that the plaintiff objected within a reasonable time to the accounts stated by the bank.

3. EVIDENCE — BOOK ENTRIES NOT MADE BY WITNESS. Upon the question as to the amount for which checks, subsequently raised, were originally drawn, in an action between the depositor and the bank, entries made in his cash book by his bookkeeper, who is not a witness, are admissible where it appears from the plaintiff's testimony that in the course of

his business the entries were made from memoranda to which he could testify from memory, and that they correctly stated the amounts for which the checks were drawn, the entries being compared by him with the memoranda after the checks were drawn, and in each case found to be correct, the memoranda being then destroyed.

*Clark* v. *Nat. Shoe & Leather Bank,* 32 App. Div. 316, affirmed.

(Argued October 8, 1900; decided November 20, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 16, 1898, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The action was brought to recover the sum of $1,950, the complaint alleging that sum to be due the plaintiff upon his deposits in the defendant's bank.

The facts, so far as material, are stated in the opinion.

*James L. Bishop* for appellant. The several accounts stated became conclusive upon the failure of the plaintiff upon examination of the accounts to object to the same, irrespective of whether he was or was not guilty of negligence in making the examination. (*Myers* v. *S. W. Nat. Bank,* 193 Penn. St. 1; *Birmingham Bank* v. *Allen,* 100 Ala. 482; *Weinstein* v. *Bank,* 69 Tex. 38; *Hardy* v. *Chesapeake Bank,* 51 Md. 562; *Dana* v. *Nat. Bank,* 132 Mass. 156; *L. M. Nat. Bank* v. *Morgan,* 117 U. S. 96.) The court erred in permitting the plaintiff to give evidence as to the contents of his own books of account kept by the forger. (*Feeter* v. *Heath,* 11 Wend. 479; *Lawrence* v. *Barker,* 5 Wend. 301; *Marcly* v. *Shults,* 29 N. Y. 346; *Russell* v. *H. R. R. R. Co.,* 17 N. Y. 140; *Dwight* v. *Cutting,* 91 Hun, 38; *People* v. *McLaughlin,* 150 N. Y. 365, 392; *Waite* v. *High,* 96 Iowa, 742; *N. U. Bank* v. *Madden,* 114 N. Y. 280; *McCormack* v. *P. R. R. Co.,* 49 N. Y. 315, 316; *Peck* v. *Valentine,* 94 N. Y. 569.)

*O. B. Gould* for respondent. The objections to allowing the plaintiff to refresh his recollection were properly overruled.

(*Biglow* v. *Hall*, 91 N. Y. 145 ; *Howard* v. *McDonough*, 77 N. Y. 592; *Wise* v. *P. F. I. Co.*, 101 N. Y. 637; *Nat. U. C. Bank* v. *Madden*, 114 N. Y. 280 ; *Wilson* v. *K. C. E. R. R. Co.*, 114 N. Y. 498 ; *People* v. *McLaughlin*, 150 N. Y. 392 ; *Halsey* v. *Sinsebaugh*, 15 N. Y. 485 ; *Russell* v. *H. R. R. R. Co.*, 17 N. Y. 139.) As between the bank and the maker of a properly drawn check, the bank becomes an insurer of the genuineness of the check which it pays — not the signature only, but the whole check. (*Weiser* v. *Denison*, 10 N. Y. 68 ; *Welsh* v. *G. A. Bank*, 73 N. Y. 424 ; *Frank* v. *Chemical Bank*, 84 N. Y. 209 ; *Crawford* v. *W. S. Bank*, 100 N. Y. 54; *Shipman* v. *Bank of S. N. Y.*, 126 N. Y. 327.) An account stated may always be opened for mistake or fraud. (*Shipman* v. *Bank of S. N. Y.*, 126 N. Y. 327 ; *Conville* v. *Shook*, 144 N. Y. 688 ; *Weiser* v. *Denison*, 10 N. Y. 68 ; *Welsh* v. *G. A. Bank*, 73 N. Y. 424 ; *Graves* v. *A. E. Bank*, 17 N. Y. 205 ; *Bergin* v. *Hitchings*, 22 App. Div. 395.) No negligence by plaintiff in examining the stated accounts and vouchers was pleaded or proved. (*Weiser* v. *Denison*, 10 N. Y. 68 ; *Welsh* v. *G. A. Bank*, 73 N. Y. 424 ; *Frank* v. *Chemical Bank*, 84 N. Y. 209 ; *Crawford* v. *W. S. Bank*, 100 N. Y. 54 ; *Shipman* v. *Bank of S. N. Y.*, 126 N. Y. 328; *L. M. Nat. Bank* v. *Morgan*, 117 U. S. 122.)

LANDON, J.   To sustain his cause of action the plaintiff gave evidence tending to prove that twenty-one of the many checks which he drew against his deposits in the defendant's bank had been intrusted to his bookkeeper, one Lamothe, who by fraudulent alterations before presentation to the bank, raised them above the amounts for which they were drawn; and that the bank paid them to the bookkeeper at their increased amounts, and so charged them to the plaintiff ; and that the aggregate of such fraudulently increased amounts was the sum of $1,950.   The account extended from February 11, 1895, until October 10, 1896.   The plaintiff discovered the fraudulent alterations, or some of them, about July 27, 1896, and immediately notified the defendant.   Prior to such notice

the defendant had balanced the plaintiff's account according to its own books and entered the balance thus found in plaintiff's pass book, and returned the book to his bookkeeper, Lamothe, together with the paid checks and a slip showing the amounts charged to the plaintiff upon each check and the aggregate amount.

The plaintiff caused his pass book and returned checks and the bank slip of checks paid to be examined soon after their return from the bank by an expert, one Luff, who reported the account to him to be correct. The plaintiff's theory was that Lamothe so altered the checks, pass book and the footings of the bank slip after their return as to deceive the expert.

The defendant insists that the negligence of the plaintiff in the examination of the accounts stated precludes his recovery. The trial court found that he was not negligent. The unanimous affirmance by the Appellate Division withdraws from our review the evidence upon which this finding is based, and there is no other finding of fact inconsistent with the finding of negligence. We cannot review the finding. The defendant urges that a proved and uncontradicted fact which, however, the trial court did not find, conclusively established the plaintiff's negligence. No exception presents this omission or refusal, and we, therefore, cannot review it. (*National Harrow Co.* v. *Bement*, 163 N. Y. 506.)

The defendant urges that, apart from the question of the plaintiff's negligence, the failure of the plaintiff to object to the accounts stated by the bank within a reasonable time made such stated accounts conclusive.

The trial court found "That on or about the 27th day of July, 1896, the plaintiff discovered the said forgeries and notified the defendant thereof with due diligence." This is not a finding that the plaintiff did not object within a reasonable time. Taken in connection with the further finding that the plaintiff " was in no way negligent " in his examination of the account stated it imports that the plaintiff did object within a reasonable time. The question which the defendant seeks to present is not before us.

A question for review does arise upon the defendant's exceptions to the admission of evidence. It was important for the plaintiff to show the true amounts for which the altered checks had been drawn. Because of the alterations in the checks themselves this could not be determined by inspecting them. Lamothe, the bookkeeper, was not produced. The plaintiff testified that nineteen of the twenty-one checks were made as follows:

His bookkeeper, usually every Saturday, presented him with a statement upon a pad of the amount of the payroll furnished by the superintendent and an itemized statement of the office expenses. The plaintiff added these items, stating the total sum upon the pad, handed it to his bookkeeper, and directed him to draw a check for the whole amount. The bookkeeper then went into another room, entered the statement and its amount in the cash book, drew a check for the whole amount, presented the check to the plaintiff for signature, together with the statement upon the pad; the plaintiff compared the amounts of each and finding them the same signed and indorsed the check, delivered it to his bookkeeper, retained the pad until the following Monday, when he compared it with the entries upon the cash book and always found them alike; he then destroyed the pad. He produced the cash book; the entries upon it showed no signs of alteration, and the plaintiff and others testified that they had not been altered. The plaintiff's examination was long, and the effort was made to have him testify from a refreshed memory after inspecting the entries. It is clear, however, that he stated the original amounts of the checks by reading into them the entries in the book, and that he could not state the amounts from a refreshed memory or otherwise than by adopting the entries in the cash book as true. The entries in the cash book were thus in effect read in evidence.

It is plain that if the entries in the cash book were proved to be true, they showed or at least tended to show in connection with the plaintiff's testimony the amounts for which the checks were originally written.

If the plaintiff had himself made the entries in the cash book his testimony would have made them admissible. (*Halsey* v. *Sinsebaugh*, 15 N. Y. 485; *Russell* v. *Hudson R. R. R. Co.*, 17 N. Y. 139; *Howard* v. *McDonough*, 77 N. Y. 592; *National Ulster Co. Bank* v. *Madden*, 114 N. Y. 280; *People* v. *McLaughlin*, 150 N. Y. 365.)

The fact that the entries were made by his bookkeeper does not under the circumstances detailed make them solely his declaration, or confine positive knowledge of their truth to him, or exclude the plaintiff's equal or superior knowledge of their truth. If the entries in the plaintiff's cash book were but the statement of his bookkeeper and their truth known only by him, they would be hearsay.

But the plaintiff testified that the entries were true when originally made, and identical in amount with the original figures, part of which he made and all of which he examined and approved in the due course of his business, upon which he directed the checks to be drawn, and saw that they were drawn; he knew the entries in the book to be true because the next business day after they were made, in the usual course of his business, he compared them with his original figures which he knew to be true. The plaintiff could testify from memory that the original amounts of the checks agreed with the amount stated upon the corresponding pad, and that the latter amount was truly entered in the book. The pads are destroyed, the checks altered, the entries in the book are unchanged. The plaintiff remembers every material particular except the precise sums thus three times written; one of these writings could be depended upon, and it was properly received.

The defendant relies upon *Peck* v. *Valentine* (94 N. Y. 569). In that case in order to prove that the defendant had not accounted for all the plaintiff's moneys he had received, one Leggett testified that he made and kept a separate memorandum of the amounts of the moneys as the defendant received them; that he knew the entries to be correct; that he gave the paper to the plaintiff but he did not testify what

the entries were. The plaintiff testified that the paper was lost; that he correctly copied these entries upon it in his memorandum book. It was held that the entries in this book were inadmissible. A careful examination of that case will show that while the book contained a true copy of the lost memorandum, it was not sufficiently shown that the memorandum itself was true. The case is further unlike the one before us in that the defendant had no opportunity of cross-examination of any person testifying to actual knowledge of what the original entries were, and thus did not have the protection such cross-examination would secure.

The judgment should be affirmed, with costs.

Parker, Ch. J., O'Brien, Bartlett, Haight, Martin and Vann, JJ., concur.

Judgment affirmed.