WILLIAM F. McCARTHY, Respondent, *v.* JOHN F. MEANEY et al., Appellants.

1. BETTING AND GAMING — ACTION TO RECOVER MONEYS LOST OR PAID IN TRANSACTIONS WITH A "BUCKET SHOP"— EVIDENCE — STATE-MENTS OF TRANSACTIONS MADE BY CLERK IN BRANCH OFFICE. Where it was the duty of a clerk employed by, and working under the orders of, the manager of a branch office of a "bucket shop," or stock gambling house, to telegraph orders received, from customers at the branch office, to the principal office in another city and, if they were accepted, to give to such customers memoranda or statements of such transactions with the margin paid thereon, such statements, when identified by the customers, are competent evidence in an action brought under the statute (1 R. S. 662, § 9) against the proprietor of the "bucket shop" for the moneys lost or paid on the transactions, since they are not only declarations made by defendant's agents in the course of the agency but are the very contracts under which the money was paid to the defendants; but, where the manager of the branch office seeks to recover moneys lost or paid in trans-actions for his own account, such statements are not competent as original evidence, since, such clerk having no power to bind the proprietors of the "bucket shop" by any contract made by and for the manager of the branch office, the statements neither constitute contracts nor are they declarations made in the course of the agency.

2. WHEN STATEMENTS, OR MEMORANDA, OF TRANSACTIONS ARE NOT COMPETENT AS EVIDENCE TO SUPPLY DEFECTS IN RECOLLECTION OF WITNESSES. It is erroneous, also, to receive such statements as evidence to supply defects in the recollection of such manager or of such clerk, where neither of them testified that they were unable to recollect the transactions represented by the statements or that the statements were correct, but on the contrary testified that they could not tell whether the money, represented by the statements to have been paid to the defendants by the manager, had been paid at all or was simply charged against the amount coming to the manager from gambling transactions in which both parties were engaged.

*McCarthy* v. *Meaney,* 94 App. Div. 614, modified.

(Submitted October 26, 1905; decided November 21, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 31, 1904, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. F. Mackey* for appellants.   The referee received in evidence certain papers which were clearly inadmissible and incompetent, and the sole foundation of his conclusion of law that the plaintiff is entitled to recover from the defendants the amount paid by Taylor to defendants and of the judgment entered in accordance therewith.   These papers did not bind the defendants, and were not made admissible or competent by other evidence.   (*W. M. V. Co.* v. *Brady*, 181 N. Y. 145.)

*Hull Greenfield* for respondent.   The admission in evidence of the tickets or receipts for money paid in as alleged margin was not error.   (*Hurd* v. *Taylor*, 151 N. Y. 231.)

CULLEN, Ch. J.   This action was brought under the statute by plaintiff in his own right and as assignee of others to recover moneys lost on wagers.   The defendants were engaged in conducting that kind of gambling business denominated by the referee and popularly known as a "bucket shop;" that is to say, ostensibly they were carrying on business as stockbrokers, but, in reality, while they accepted orders of customers they neither bought nor sold stocks in compliance therewith, but when the transaction was closed they either paid to or received from their customers gains or losses as determined by the fluctuation in prices on the stock exchange in the city of New York.   To use the euphemism of one of the defendants on the witness stand, they "stood on their trades," taking, however, from the amount due their customers one-quarter of one per cent as a so-called commission.   Of course, these contracts between the defendants and their customers were mere wagers.   (*Hurd* v. *Taylor*, 181 N. Y. 231.)   Therefore, the parties who lost or paid money to the defendants on such contracts were entitled, under the statute, to reclaim the amounts paid upon them.   The judgment of the referee having been unanimously affirmed by the Appellate Division, there is no question of fact before us, and the only objection now presented is as to an alleged error of the referee in admitting certain written statements in evidence.

The principal place of business of the defendants was in the city of Buffalo, but they had a number of branch offices at various points in the western part of the state, among them the city of Auburn, where the transactions which are the subject of this suit took place.   There one Taylor was their manager or agent, who was compensated by permitting him to retain one-half of the so-called commissions that were received at the place, Taylor paying out of such compensation the rent and expenses of the office, including the wages of a telegraph operator, who transmitted the orders received in Auburn to the office in Buffalo.   This operator, Mooney, was hired by Taylor and subject to his direction.   One of the claims assigned to the plaintiff is that of Taylor, who alleged that he lost and paid to the defendant several sums of money in speculation on his own account.   In the course of business Mooney would telegraph to the Buffalo office the various orders received in Auburn, when, if they were accepted by the defendants, he would give the customer a statement showing the nature of the transaction and the margin paid thereon.   During the trial of the action these statements, given to the plaintiff and to his assignors, were identified by the persons to whom they had been given and received in evidence over the objection and exception of the defendants.   As far as the statements related to transactions with others than Taylor, they were unquestionably properly received.   They were not only declarations made by the defendants' agents in the course of the agency, but were the very contracts under which the money was paid to the defendants.   So far, however, as they related to the transactions of Taylor a different question is presented.   When Mooney telegraphed orders to the Buffalo office he did not give the names of the customers, but the orders were identified simply by numbers.   The defendants could not tell in any particular case who was the person who had given the order.   Taylor testified that the defendants said that he might speculate himself, but this gave Mooney, who was Taylor's employee, no power to contract on the defendants' behalf with Taylor.   Doubtless, Taylor could recover any moneys he had

lost to the defendants in his speculations. That, however, is not the question here, which is whether the statements made by Mooney to his immediate employer, Taylor, were original evidence against the defendants. If Mooney had no power to bind the defendants by any contract with Taylor, then the statements given Taylor neither constituted contracts nor were declarations made in the course of the agency. Hence, they were not evidence, nor were they competent to supply the defect in the recollection of Taylor or of Mooney, the rule as to which is clearly stated in *Howard* v. *McDonough* (77 N. Y. 592): "1. A witness may, for the purpose of refreshing his memory, use any memorandum, whether made by himself or another, written or printed, and when his memory has thus been refreshed, he must testify to facts of his own knowledge, the memorandum itself not being evidence. 2. When a witness has so far forgotten the facts that he cannot recall them, even after looking at a memorandum of them, and he testifies that he once knew them and made a memorandum of them at the time or soon after they transpired, which he intended to make correctly, which he believes to be correct, such memorandum, in his own handwriting, may be received as evidence of the facts therein contained, although the witness has no present recollection of them." The testimony brought the case within neither rule. If Taylor had, after refreshing his recollection from the statements, testified of his own knowledge (which he did not) that he had the transactions therein recited, that would not make the statements themselves evidence. Nor could they become evidence on account of his entire failure to recollect the transactions, because the memoranda were not made by him nor verified by him at the time, as was done in *Clark* v. *National Shoe & Leather Bank* (164 N. Y. 498). The error in admitting these papers was not cured by the subsequent testimony of Mooney. To make the statements competent evidence it was necessary to show first, that after refreshing his recollection by looking at them Mooney was unable to recollect the transactions they represented ; second,

that he knew the statements were correct. Neither fact was shown. On the contrary, Mooney's testimony is to the effect that often the statements did not correctly represent the facts and that moneys specified in the statements as having been received at the time they bore date were not then received. Both Taylor and Mooney testified their inability to tell whether the money, represented by the statements to have been paid to the defendants by Taylor, had been in reality paid at all or was simply charged against the amount coming to Taylor from the gambling transaction in which both parties were engaged. In any aspect of the case, therefore, the learned referee erred in admitting this evidence, and it is clear that the error was of a most substantial character.

The judgment should be reversed and a new trial granted, costs to abide the event, unless the plaintiff elects to abandon his third cause of action, which is for the moneys lost by Taylor, and to deduct from the judgment recovered by him the sum of $1,995, with interest from August 29, 1902, in which case the judgment as reduced is affirmed, without costs in this court to either party.

. Gray, Bartlett, Haight, Vann and Werner, JJ., concur; O'Brien, J., absent.

Judgment accordingly.