JOSEPH PARDO, Respondent, *v.* SENDER BROTHERS TRUCKING CO., INC., Appellant.

Supreme Court, Appellate Term, First Department, June 17, 1932.

*Emanuel Halpern* [*J. W. Friedman* of counsel], for the appellant.

*Samuel Justin Jackman* [*Max Brandes* of counsel], for the respondent.

PER CURIAM. The court received in evidence a written memorandum of a license number made by a person since deceased. Its correctness was vouched for by several witnesses who saw the memorandum made and compared it with the license plate. That the witness was not the person actually writing it was immaterial. (Wigm. Ev. §§ 746, 747; *Clark* v. *Nat. Shoe & Leather Bank,* 164 N. Y. 498.) Usually, however, such a document would be inadmissible unless it appeared that the witnesses had no present recollection of the number either independently of or as refreshed by the memorandum. (*Russell* v. *Hudson River R. R.,* 17 N. Y. 134; *National Ulster County Bank* v. *Madden,* 114 id. 280; *People* v. *McLaughlin,* 150 id. 365, 392.) The rigor of this rule appears to have been somewhat ameliorated, especially where, as here, specific objection is not made on that ground or the asking of the questions appears useless. (*People* v. *Weinberger,* 239 N. Y. 307.) Here the witness denied he had any present recollection of the number but no further attempt was made to show whether his recollection could be refreshed by the paper. We feel that the circumstances indicate this inquiry would be useless and there being no specific objection on the point, the receipt of the paper was not error. The verdict, however, appears excessive.

Judgment reversed and a new trial ordered, with costs to appellant, unless respondent within ten days after service of order entered hereon stipulates to reduce the recovery to $1,200 and costs, in which event the judgment so reduced is thus modified and as modified affirmed, without costs to either party.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ.